We'll hear an argument next in Case 16-424, Class v. United States. Ms. Amundson. Mr. Chief Justice, and may it please the Court. A defendant comes to the plea bargaining table with certain rights in hand, including the statutory right to appeal a conviction. The government concedes that in his written plea agreement, Petitioner did not waive his right to appeal his conviction to challenge the constitutionality of the statute to which he pled guilty. The question here is whether that right is nonetheless forfeited solely by operation of the plea itself. But as Judge Friendly summarized this Court's Placlidge-Menna doctrine, a defendant who pleads guilty can challenge his conviction on any constitutional ground that, if asserted before trial, would forever preclude the State from obtaining a valid conviction against him. Petitioner's claim here is that the Second Amendment and Due Process Clause preclude the government from ever obtaining a valid conviction against him. It thus falls well within the scope of the Placlidge-Menna doctrine. The government's main contention is that Petitioner was required to preserve his claim through a conditional plea, but as the drafters of Rule 11a2 noted in the reference to that rule, the Supreme Court has held that certain kinds of constitutional objections may be raised after a plea of guilty. Rule 11a2 has no application to such situations and should not be interpreted as either broadening or narrowing the Placlidge-Menna accept the Placlidge-Menna doctrine or as establishing procedures for its application. Roberts I should know this, but I don't. In the situation in Placlidge and else, can the government specify that those claims are waived, in other words, spell it out, you are waiving any double jeopardy claim to? Petitioner Yes, Your Honor. Both a double jeopardy and a prosecutorial vindictiveness claim are waivable. And so our contention here is not that these claims cannot be waived. Our contention here is that they were not explicitly waived in the plea agreement and they were not otherwise forfeited by operation of the plea itself. And I think it's useful to take a step back and look at the categories of rights that are at stake when a defendant pleads guilty. So first are the defendant's trial rights. The defendant who is pleading guilty is affirmatively waiving those rights. By saying that they are not going to trial, they are affirmatively waiving the protections that the very right to a trial and those trial rights themselves. The second class of rights that are at stake are those procedural and evidentiary rights that would go to the reliability of the defendant's conviction. So, for example, Fourth Amendment rights against search and seizure or Fifth Amendment rights against self-incrimination. And the Court has held in Tollett and in the Brady Trilogy that those rights need not be affirmatively waived, but are effectively foreclosed by the plea of guilty, because once a defendant pleads guilty, we are no longer worried, for example, about whether the evidence against him was properly obtained. But the third category of rights, which are the rights at stake here, are those which where the defendant is saying that the government cannot obtain a valid conviction against me regardless of the procedures that are used, regardless of the evidence that is amassed. Alitoso, another situation in which we ask whether a defendant is asserting the right not to be tried is in determining whether there is a right to an interlocutory appeal. So would you say that if a right is one that can be protected through an interlocutory appeal, it would fall within the staggering? It would seem so. So the double jeopardy right is one that can be appealed in an interlocutory appeal. But we think that the category is broader than that, because, for example, the prosecutorial vindictiveness claim is not something that can be appealed through interlocutory appeal. How about a speech or debate clause claim? That's that permits an interlocutory appeal. So if a member of Congress is charged with a crime and pleads guilty, that member of Congress may then argue on appeal that the prosecution was blocked by the speech or debate clause. If the speech or debate clause would forever preclude the government from obtaining a conviction against him, yes, if it would not require that defendant to otherwise contradict the admissions that he makes in pleading guilty. So that's the other important limitation on this right. And then the other one is the statute of limitations, and I think the statute of limitations has been considered to come within 11a. If you don't raise it, you can't raise it later, even though you're saying the statute of limitations ran before I was charged with this crime, so I shouldn't be subjected to prosecution. Yes, Your Honor. I think it's hard to conceive of a statute of limitations situation that would not require the defendant to contradict the admissions, the factual admissions that he makes in pleading guilty. So we think those would likely be encompassed within the Tollett and Brady line of cases that are effectively foreclosed by the plea of guilty. What about the unconstitutional composition of a grand jury? That is exactly the Tollett case, Your Honor, where the court held that that was in fact foreclosed by the guilty plea. So that category of rights are the category of procedural and evidentiary protections that a defendant would otherwise be entitled to if he went to trial, but in fact are foreclosed once the defendant pleads guilty. And this, the Blackledge-Mena category is an entirely separate category, where the defendant is saying, regardless of the procedures that are used, regardless of the evidence that is amassed, I cannot be validly convicted of this crime. So there is a limit to your definition of what this doctrine would hold. You're saying if it's not the constitutional violation is not clear on the face of the admission? That's right, Your Honor. If the constitutional violation is not clear on the face of the record at the time of pleading guilty, and that's the formulation that this Court used in Justice Kennedy's opinion for the Court in Brose, where the Court said that this defendant is guilty, this category of rights is where the formulation Brose uses is where the Court has no power to impose, to enter the conviction or impose the sentence on the face of the record. Sotomayor, let's go to the standard charge, which would be crime was committed on 1991, substantive crime and continuing conspiracy crime. Defendant pleads guilty and says, yes, I did the substantive crime in 91, and I participated in the conspiracy. And that's all he or she says. Why would not this be subject to the Blackledge line of cases, the Mena-Blackledge line of cases, or would it be? Would the – I'm sorry, Your Honor. So would the defendant then be saying that that was unconstitutional on appeal? Sotomayor, yes, or that a statute of limitations has run. Oh. So because, Your Honor, I think that the defendant would have, in making the plea, had to admit certain facts that would be – that the defendant would then have to be contradicting on appeal. And so we're accepting the limitations that it has to be on the record at the time of pleading guilty. The defendant would be coming back and saying, no, actually, those are not the facts, and in fact, I – there was a continuing conspiracy. Or there wasn't a continuing conspiracy, but how about the substantive crime? The charge is in – is in 2017, but the indictment was in 2017, but the charge, the substantive charge, was 1991, with a 5-year statute of limitation. So if the defendant come back and say, yes, I did that crime then. So, Your Honor, I think that is conceivable, that that could fall within the Blackledge Mena line of cases, but the Blackledge Mena line of cases has generally been held to be constitutional limitations on the ability of the Court to secure conviction. Blackledge and Mena themselves were both about constitutional limitations. And, of course, the Court need not decide the outer bounds of the doctrine here, because all that we are arguing for is the constitutionality of the statute of conviction, which we think falls well within the Blackledge Mena doctrine. Sotomayor, so the State, your rule, and its limitations, again. One, it has to be clear on the face of the complaint that constitutional – A constitutional, and that it goes to the very power of the government to ever obtain a valid conviction against the defendant. Or the other formulation that Judge Friendly used is, a plea of guilty operates as a forfeiture of all defenses except those that, once raised, cannot be carried short. Roberts Where does the sufficiency of an indictment fall under that approach? You have a crime, the elements are 1, 2, 3, and 4, but 4 is left out. The defendant pleads guilty to the crime and, you know, through the colloquy, admits to 1, 2, and 3, but 4 doesn't admit to 4 because it was left out. Is that something that can be raised on appeal, or is that covered by his guilty plea? Well, I think because the defendant is pleading to a substantive crime, as this Court defined it in Brose, that the defendant would not be able to raise that on appeal, because the defendant is saying, in fact, I did this substantive crime, so I met these elements of this crime as defined by the legislature. So the defendant would then be trying to come back on appeal and contradict the admissions that he made in pleading guilty, and that would not be permissible under the Tollett and Brady category of cases. So the Mena and Blackledge line of cases is analytically distinct, and it follows in many ways the line that this Court has drawn in its retroactivity jurisprudence of the line between substantive and procedural rules.  Just to be clear as to your theory of the case, suppose a State passes a statute that a guilty plea waives any later right to challenge the constitutionality of the State statute, the Federal constitutionality of the State statute, and the defendant is fully advised of this, and he enters the plea. Later, there is a serious contention that the statute is constitutionally invalid. May the defendant challenge it on direct appeal? Under your view? No, Your Honor. We're not claiming that this is a constitutional rule binding on the State. So that defendant, I think, would have to go through a 2255. So are we just talking about the meaning of Rule 11? What is the basis of the substantive basis for your argument if it's not constitutional? So, Your Honor, the substantive basis is the best interpretation of Rule 11? Well, it's not only the best interpretation of Rule 11. It's also that we just have to take a step back for a moment and look at what each party is coming to a plea bargain with ex ante. So the defendant comes with certain statutory rights, including a right to directly appeal his conviction. And that right belongs to him unless it is affirmatively waived or somehow foreclosed. And so here we know the government concedes it's not affirmatively waived in his written plea agreement. So we have to then look to whether it's somehow foreclosed. We look to Rule 11. Rule 11 says, no, where you have a Blackledge-Mena claim, you don't have to preserve it by way of a conditional plea. So the government does not dispute that there is an exception to Rule 11 in the Blackledge-Mena doctrine. They dispute only whether a constitutional challenge to the statute of conviction falls within that exception. And I think their attempts to distinguish Blackledge and Mena fall short because they cannot explain Blackledge and Mena themselves, they cannot explain the Court's other relevant precedents, and they are simply unworkable. Ginsburg, what is your position on what this Court said in the Broach case, and I'll be brief, that the plea and conviction under it comprehends all factual and legal elements necessary to sustain a binding final judgment? Yes, Your Honor. I think that that is correct, but if the Court also reads through to the end of that paragraph, the Court will see there are exceptions where, on the face of the record, the Court had no power to enter the conviction or impose the sentence. So we agree that a defendant's plea does indeed encompass the factual and legal elements to sustain the conviction, to say, yes, I committed this crime as defined by the legislature, but as the Court recognized in Broach, which is a – which comes after the passage of Rule 11, there are exceptions where, on the face of the record, the Court had no power to enter the conviction or impose the sentence. Kennedy, and the Court had no power to enter the conviction here because? The Petitioner's claim is that the Second Amendment and the due process laws preclude the Court from ever obtaining a valid conviction against him. But you just said that if a State had this law, it would be valid. I don't – how can you say there's no power to impose the conviction if there would be the same – if the State would have that power? I don't understand it. I thought Your Honor's hypothetical was that the State could pass a law saying that a guilty plea forecloses a later challenge. Yes. So we are not contending that this right is not waivable. We're simply saying it was not waived here, and it thus falls within the exception. But you say that the government has no power to impose the sentence. Why is that if there's no constitutional prohibition against it? So I think the use of the word power and jurisdiction have been somewhat construed somewhat more broadly than they might otherwise be thought of, Your Honor. The defendant's claim is simply that you're – excuse me for interrupting, but you're saying that in the Federal system there's no power to do this. I don't understand why your argument is that limited. And if it's not so limited, I see problems with it. So, Your Honor, we're saying that in the Federal system, the Federal system has recognized this exception to – it's essentially a Federal forfeiture rule. What does a guilty plea actually do? And here what the Court has said is that a guilty plea does – you don't need to affirmatively waive everything.  But that's circular. You're saying there's no power to enter into it because that's the Federal rule. But what's the substance? How do you determine whether there's no power? Well, if I can just go back again to Judge Friendly's formulation, it's where the claim is that the State would be precluded from obtaining a valid conviction against him. So where the constitutional prohibition is not there. But you were saying there is power. Then I'm confused. I'll let you think, of course the Federal Government has the power to insist that you no longer can raise your constitutional claim. All they have to do is write into the plea agreement, I forfeit my right to bring a constitutional claim. And I assume henceforth after this one that somehow got away, they will write that into every claim, into every agreement. And then the person will not be able to bring his constitutional claim. But rather your point is that here they didn't write those words. All they wrote were the words, I plead guilty. So the question is, do those words have the same effect as if they'd exercise their undoubted power to stop the individual from raising the claim by writing it out specifically. Is that right? That's correct, Your Honor. That's correct. And, Your Honor, it's the question. I'm sorry. Is the question, what does the defendant implicitly concede by pleading guilty? That's the question, Your Honor, yes. And so you can understand Blackledge and Mena to say the defendant does not implicitly concede that my conviction is not barred by double jeopardy, for example. But you could understand the plea to implicitly concede, I am guilty of the offense for which I am charged. And that would include facts and law, as set out in the case we were discussing. Now, if that is the proper understanding of Blackledge and Mena, where does your case stand? Because if the defendant is saying, I am guilty of the offense as charged, but the Constitution precludes my conviction because of the double jeopardy clause, because of the due process clause, or because of here, the Second Amendment and the due process clause, that is the category of Blackledge and Mena claims. So it is where, on the face of the record, the court had, as the formulation is in Brose, no power to enter the conviction or impose the sentence. But the easier way to think of it might also be the formulation that Judge Friendly used of things that are not curable. So no power only because it was not expressly waived. That's correct, Your Honor. Only reason. So all we're talking about is how Rule 11 is properly interpreted and how this plea agreement is properly interpreted. Right. We're essentially talking about a Federal forfeiture rule, that where and here, as I've said, the government concedes that the plea agreement does not explicitly waive the defendant's right to appeal his conviction and challenge the constitutionality of the sentence. So the only question is whether by operation of the plea itself something is waived. And Blackledge and Mena answer that question and say, no, that there is a category of cases that are not waived, a category of claims that are not waived. But the no power formulation doesn't seem to be very helpful for the reasons that are pointed out by Justice Kennedy's question. Because if it can be waived, then there's power to do it. Right. So I think you need to be reformulated, I think, in another way. So where the – where, as the formulation in Judge Friendly's opinion, where it would forever preclude the State from obtaining a valid conviction against him, and that would be the double-decker clause. Well, it doesn't forever preclude it if it's waivable. Well, where the claim is that if I – where the claim – this is basically what is reserved. So the Brady and Tollett line of cases say you don't have to affirmatively waive everything. You can actually implicitly concede some things, and those are your procedural and evidentiary objections, like Fourth Amendment or Fifth Amendment. But you can still reserve, after a plea of guilty, a class of claims that would go to whether the Constitution would bar your conviction. Kagan, Ms. Amundson, would you tell me if your theory is different than or the same as the following theory? One way to look at this is just to say that a plea substitutes for a trial and a verdict at that trial. So the line that we should be drawing is any issue that would have been decided at trial is foreclosed unless there's, you know, unless there's been an explicit statement in the plea agreement, and any other is not foreclosed. Is that the right line, or are you drawing a different line, and if so, why? I think that's generally the line, Your Honor. I would stress that also what a defendant might at trial also raise a motion to dismiss their indictment on constitutional grounds and lose that motion and then try to renew that motion on appeal, and that's essentially what defendant here is also doing. The defendant, just like the defendant in Mena, just like the defendant in this Court's decision in Haynes, moved to dismiss his indictment on constitutional grounds, lost that motion, and then pled guilty, and is now trying to renew his constitutional challenge on appeal. Alito, I don't understand that, your answer to that. A trial, a conviction after trial permits, if a defendant is convicted after a trial, the defendant can raise on appeal any issue that was preserved. That's right, Your Honor. But I took Justice Kagan's question to be, is this about the sort of procedural and evidentiary rules that you would have had to overcome at trial, a motion to suppress a contention that your confession was coerced, things like that that would be decided at trial when the evidence is coming in against you, those are foreclosed. But things that are sort of beyond what would be decided at trial are independent of any kind of procedural or evidentiary ruling that might be made at trial are still preserved. So you're saying this rule is congruent with the plain error rule? I think, well, Your Honor, we're not contending that there's that you don't have to preserve this issue. So the defendant here, as I said, just like in Mena and in Haynes, actually preserved his constitutional objections by raising a motion to dismiss his indictments. If he hadn't, there would be a different result? If he hadn't, I think there would be plain error on appeal. So the statute cannot be interpreted to cover my conduct. Right. So, Your Honor, I will just say in the lower courts, this doctrine has largely been limited to constitutional challenge to statutes. There are, however, Your Honor. Under your view, why should there be a difference? Right. There is no power to impose a conviction because the statute properly interpreted doesn't cover my conduct. There are examples, Your Honor, in the lower courts. What is the rule that you propose us to adopt, that you would propose for us to adopt in that case? So I think that that could be encompassed within the Blackledge-Mena doctrine. However, as I indicated earlier to Justice Sotomayor, you may well also say that the Blackledge-Mena doctrine is about constitutional bars on the conviction. And in the situation that Your Honor is raising, the constitutional bar is one step removed. So in the Blackledge and Mena cases, and in the case that we have here, the defendant is saying a constitutional provision prohibits my conviction. There, the defendant is one step removed, where the defendant is saying I've been convicted of something. It's not that they're saying that Congress could not make it a crime, but that Congress has not made it a crime. So in our situation, we're saying Congress cannot actually criminalize this behavior. It is, as the formulation this Court uses in its retroactivity jurisprudence, beyond the criminal lawmaking authority's power to prescribe. I guess I'm a little confused by that reply. Why would it be that you would implicitly waive statutory but not constitutional claims by your guilty plea? You say we could go either way, but I think the premise underlying your response to Justice Kagan was a guilty plea waives a trial. It doesn't necessarily waive other legal claims that might exist outside of trial. And this might be one that the statute should be interpreted differently. So, Your Honor, of course, the Court need not decide that today, because we are brought. But the Court could limit it, consistent with the Blackledge-Mena doctrine, to constitutional claims. How? How analytically would that work? Because the Constitution is the primary bar on the lawmaking authorities ability to prescribe criminal conduct, if I may reserve the balance of my time. Thank you, counsel. Mr. Feigin. Thank you, Mr. Chief Justice, and may it please the Court. Rule 11a2 requires a defendant who both wants to plead guilty and wants to preserve a challenge to the statute underlying the charge to enter a conditional plea. Sotomayor, I'm sorry, how can 11 – how can the Federal rules undo a constitutional rule? Blackledge and Mena were constitutional rules. So can Rule 11c undo those? Let me say a couple of things about that, Your Honor. First of all, I think Ms. Amundson just conceded that Blackledge and Mena are not constitutional rules, and so the Federal rules could overwrite them. Second, I think what the drafters of the rule – Sotomayor, it's almost a vicious circle, because the rules say, well, we're not affecting that doctrine, so. Well, Your Honor, I think I can try to cut through the Gordian knot here by looking at this through the lens of Rule 11a2. We're not trying to interpret Blackledge and Mena in a vacuum, but it's refracted through the lens of Rule 11a2. I think what the drafters of Rule 11a2 did, and this is clear in the advisory notes, is, to be quite honest, I think they were a little confused by Blackledge and Mena. They weren't quite sure what to make of them. They respected what this Court had done in those particular situations and instructed that the rules should not be interpreted to apply in the situations at issue in those cases, which they described with some specificity. But I don't think they viewed Blackledge and Mena as the tip of an iceberg for the kind of rule Petitioner is proposing, which would, in theory, allow every criminal defendant in the system who pleads guilty, and there are over 50,000 of them each year, in theory, to raise a substantive challenge to their conviction without having notified the government or the court of their intent to do so. Kagan, it's awfully hard to say that the floodgates are opening when it's in the power of every U.S. attorney to just write this into the plea agreement. So, Your Honor, if the Court were to say that in its opinion and make that very clear, I think that would go a long way towards resolving a lot of the problems that Petitioner's rule would otherwise create. But let me say a few things about appeal waivers. Under current law, we have a couple of difficulties with appeal waivers. One is that some district judges believe that they have discretion not to accept a plea agreement that includes an appeal waiver, and so as a practical matter, we can't get appeal waivers in those districts. Number two is that several courts of appeals have created implicit exceptions to appeal waivers, and some of which some of them apply when a defendant is challenging substantively the statute under which he is convicted, and so we can't get it enforced in those circuits, and even circuits that would otherwise dismiss the appeal nevertheless require the government to brief the issue on the merits, so we don't get the benefit – we don't actually get the practical benefit of the appeal waiver. The other thing I'd say about appeal waivers is that if all of your saying is how much power you have and how much power to coerce you have, the other side is simply saying, if a defendant wants to accept your power, let him do so expressly. You can worry about what courts are doing separately, but that shouldn't bind him or her to the whim of whether you will let them plead guilty based on an appeal waiver that's so broad that they can't challenge anything that's a constitutional violation. Well, I think the considerations of what the default rules should be are the considerations that the drafters of Rule 11a2 took into account in the policy process that produced that rule. And they produced a broad rule that applies not only to claims like the ones we have in this case, but to all the kinds of claims that a defendant might want to bring after pleading guilty, Fourth Amendment claims, Fifth Amendment claims, and they concluded that the proper way to preserve those claims was to make clear to the government and to the court ahead of time that that was going to be something that was reserved in the defendant's plea. Ginsburg. And clear to the defendant what he is giving up. And in this case, in the plea colloquy, the court informed Mr. Klaas, you can appeal a conviction after a guilty plea if you believe that your guilty plea was somehow unlawful. And the defendant expressed some uncertainty about what that meant. But isn't that exactly what this defendant is doing? I believe that my guilty plea was unlawful because the statute under which I was charged is constitutionally flawed. It cannot be a crime. Feigin. Well, Your Honor, a factual response to that and then a legal response. The factual response is that if you read the remainder of the sentence, which is on Joint Appendix 63, the court says if you believe your plea was somehow unlawful or involuntary or if there is some other fundamental defect in these guilty plea proceedings, I think it's properly understood to go to the kinds of procedural claims that everyone understands you can bring after a guilty plea, such as that your guilty plea was not knowing and intelligent. The court again, and this is on page 76, tells the defendant that the plea agreement actually precludes him from challenging his conviction on appeal, which isn't correct. But if he thought he had wanted to actually bring an appeal challenging his conviction, he might have spoken up at that point. But the broader legal point is that this Court has made clear any number of times that a defendant need not be subjectively aware of everything that he is giving up in a plea in order for the plea to be a knowing and intelligent waiver of those rights. Kennedy, I ask you again. Kennedy, isn't the broader legal point also that this argument is not presented in the question on which we granted certiorari? That is also correct, Your Honor. I was simply responding to Justice Ginsburg's question. I want to make one last point. Ginsburg, let me put a case to you that seems to be strongly for the other side, and it is loving against Virginia. There are two people who pled guilty to violating Virginia's miscegenation statute, pled guilty, didn't reserve anything out. Yet that plea did not block them from seeking to vacate their convictions on the ground that the statute under which they were convicted was unconstitutional. Was that just a slip that the Court didn't notice that they had pled guilty and therefore shouldn't be able to raise the constitutional question? So, Your Honor, that case, as the caption reflects, came up through the State courts. I think this Court's been quite clear that States can craft their own procedures in these circumstances, and clearly no one raised it in loving against Virginia, and whatever State procedures they may have had wouldn't – apparently did not preclude the claim. Ginsburg. It was a case where this Court, notwithstanding any State procedures, and I don't think there was any State procedure that said that they – that their plea reserved out this question. It was this Court that said they could raise the question of the unconstitutionality of the statute under which they were convicted, not a State court. Well, Your Honor, I don't believe this particular preclusion question was directly addressed in the circumstances of loving, and let me explain what would happen if that case came up through the Federal system under Rule 11a2 today. First of all, the lovings could seek to enter a conditional plea, and the government frequently does agree to conditional pleas, although different U.S. attorneys' offices have different policies. If the government, for some reason, did not agree to a conditional plea, the defendants could seek to have some kind of stipulated bench trial, and they agree to the facts. Yes, we're married to each other, and they would preserve every single possible claim they could bring after a trial. And in some jurisdictions, the judges use that to deny an acceptance of responsibility. Well, Your Honor, that is specifically addressed in the sentencing guidelines in the commentary to 3E1.1, and it says that a judge may give the acceptance of responsibility reduction to a defendant who insists on a trial solely for the purpose precisely of preserving a challenge to the statute. Sotomayor, a doesn't should. It may is discretionary, because the sentencing reduction is discretionary, and I know of many prosecutors' offices who routinely tell judges if a defendant seeks to preserve an appeal right, they have not accepted responsibility. And many judges, just like many judges won't accept the appeal waiver for that reason, don't give the acceptance of responsibility. Well, Your Honor, I think the points that you're raising are the kinds of things that are best considered through the kind of process that produced Rule 11a2. And I think if we're going to decide that there's going to be a particular exception to Rule 11a2 for a particular class of clients.  Kagan, I want to go back to your basic Rule 11 argument, because what Rule 11 does, if you just look at the text of Rule 11, it says here are the conditions in which you can enter a conditional guilty plea. You know, you have to get some consents, and then you can enter a conditional guilty plea. It doesn't say what happens if you don't do that. There's nothing in Rule 11 that says, and the consequence of not entering a conditional guilty plea is X, Y, Z. So you have to look outside the rule for the consequence of not entering a conditional guilty plea. And it seems to me that the place you look, the question you ask is, well, what's the inherent effect of that guilty plea? So Rule 11 just tells you, you know, go try to figure out what the inherent effect of the guilty plea is and what's covered by it, and on the other hand, what's not. So I don't see how Rule 11 really is the answer to this question. Rule 11 just sets up the problem. Feigin. Well, I think everyone agrees, Your Honor, and Petitioner hasn't contested there's a negative implication baked into Rule 11. I think the first place I would look is the advisory committee notes, which make clear that the drafters of the rule enacted it on the understanding that a traditional unconditional plea of guilty operates as a waiver of all non-jurisdictional claims, and there's no dispute that this is a non-jurisdictional claim. And I think that's the case. Sotomayor, except for the Blackledge-Mana doctrine. So, no. Obviously, it's the key word is doctrine. It suggests to me that there's more covered by that than just Blackledge-Mana. I'm not sure that's right, Your Honor. I think, first of all, the drafters of the rule were quite well aware of the issue that's before the Court here, and I think it says something that they did not actually identify it as one of the exceptions. I think they looked at Blackledge-Mana and sort of took them as they were and didn't want to interfere with the work that this Court was doing. But I don't think there's any reason to believe that they silently intended to create another exception for the kinds of claims that issued this case. Breyer. There's a logical – I mean, it's logical, or Justice Kagan brought this out before. I'll assume with you that if the government wants to make the defendant waive his constitutional claims, they simply write into the plea agreement. Now, maybe there's some you can't. I don't know of any you couldn't, but there might be, then that's a different case. So I'll assume that you could do that, and here somehow you forgot to do it. In a lot of cases you don't forget, but here you forgot. Okay. So then we have to face the problem of whether by saying guilty, that's a waiver. And I thought, having looked at Blackledge and McKenna, the rule, it's simply this. When you say guilty, you have admitted you did what the statute forbids. Okay? So let's go look at the statute. See what it forbids. And you admit you did it. Now, that means you're waiving all the claims that the evidence wasn't good enough, that they should have excluded something under the Fifth Amendment, that somebody shouldn't have testified under the Fourth Amendment, under the Fifth. There are a whole lot of things, jury trial. Naturally, you admit you did what the statute forbids. But what you haven't admitted is that the statute, for example, is a very simple and valid statute. You haven't admitted that. And another thing you haven't admitted, you haven't admitted vindictive prosecution because I did it, I did it, but they're prosecuting me for a bad reason and they can't do that. Okay? That's vindictive. Two, you didn't admit double jeopardy. I did it, I did it. Ha, ha, you still can't prosecute me because you did once before. I did it, I did it, but you cannot take away from me the right to claim that this is unconstitutional because my guilty plea has nothing to do with that. So when we fall into that category, the guilty plea by itself doesn't waive the claim. Now, all we have to say here is, and moreover where it's important, like Constitution, but I don't know if you need the last part. Your Honor, let me be the – let me respond to that in a couple of ways. First of all, and this goes to Justice Kagan's proposed rule that she advanced to oppose counsel. It doesn't quite work her rule, because the rule doesn't take into account, which I hadn't thought of. It doesn't take into account failures in the indictment, and a failure in the indictment you couldn't bring up later because what you've admitted to is you did what the statute forbids. Well, Your Honor, it does even more than that, because, for example, it's clear under Tollett v. Henderson you can't challenge the composition of the grand jury, but if you went to trial, you would have a right to challenge the composition of the grand jury even following conviction. In fact, the Court said in Bassett v. Hillary. Breyer, It doesn't matter, because when you say you did it, you are admitting that you did what the statute forbids and they can convict you for it, okay? You're admitting you did what the statute forbids, so you can't – you can't challenge the composition of the grand jury. Of course not. You can't challenge any of the stuff that would take away that you did the things that the statute forbids. Well, Your Honor, the grand jury is somewhat unrelated to that factual admission of guilt. But let me – let me add a couple more points. First of all, you're exactly right. You are admitting that you can be convicted for it, and the Court was clear in Brose just as it was clear in Brady, just as it was clear in Alabama against Boykins, just as it was clear in Florida against Nixon, that that admits legal guilt as well as factual guilt. No. That can't be right, because, after all, if you're admitting that they can convict you and put you in prison for it, we wouldn't have Blackledge and McKenna, because in Blackledge and McKenna, they admitted they did what the statute forbids. But still, they could claim that it's double jeopardy or vindictive prosecution. Your Honor, let me give you one – yet one more counter-example aside from Tollett, and then let me please address Blackledge against McKenna and why I don't think they stand for what you say. But I think actually the closest analog we have to this case is Brady against United States, which, unlike Blackledge and McKenna, was a challenge to the act of the legislature, not the act of bringing the prosecution. In Brady against United States, you had a statute where a defendant was only exposed to the death penalty if the jury recommended the death penalty. And the Court held in Brady, as explained by Tollett, that once a defendant pleads guilty, he cannot claim that his conviction is invalid because of a structural defect in that statute, that structural defect being that it unconstitutionally burdened his right to choose a jury trial. That has nothing to do with his factual guilt. Mr. Fagan, on that, I look to history to start with, and Justice Harlan and Haynes suggested otherwise, that you could challenge the constitutionality of a statute. And he cited a Second Circuit case, and we traced it back, and it goes all the way back to 1869 and Justice Ames in Massachusetts, indicating quite clearly almost exactly what Justice Breyer just channeled. He might have channeled his inner Justice Ames there, suggesting that not only is it you're not admitting even to what the statute says, you're admitting to what's in the indictment. But isn't that maybe the most natural and historically consistent understanding of what a guilty plea is? I plead guilty to that which I am charged. What's in the indictment? Well, Your Honor, I also believe that there is an aspect of it that admits that the Court can convict you and impose punishment, and it's particularly apparent in this 150 years of history. Well, Your Honor, I think that would be a better argument if this case came before the Court in 1982, before the enactment of Rule 11a-2. Well, putting aside Rule 11, because I have some of the same difficulties that haven't been addressed yet, as Justice Kagan expressed, but just understanding what a guilty plea means. So, Your Honor, I don't think Haynes goes to what a guilty – I don't think Haynes reflects this Court's consideration of what a guilty plea means. First of all, because Haynes was unconnected from – Justice Harlan didn't mean what he wrote. Well, Your Honor, it wasn't disputed in that case. Neither party had briefed it. I think at most Haynes stands for the proposition that – and we don't say otherwise – that this isn't a jurisdictional rule, that is, it's more in the nature of a mandatory claims processing rule. If the government doesn't raise it, then the defendant can proceed – can proceed to bring the claim. But I think a guilty plea inherently acquiesces to judgment and conviction being entered against you and to the imposition of a sentence, because that's directly what a court goes and does, following a guilty plea. If I could give an example. Well, but if I plead guilty, I'm admitting the facts and I'm admitting the elements that are charged in the complaint or the indictment, and it would follow that a court could enter a judgment, absent some other bar, I would think, but I don't necessarily see how that precludes even a motion to dismiss the indictment under statutory grounds. Well, again, Your Honor, I'd go back to the statement in Brose that I believe Justice Ginsburg read earlier, that this Court has said, more recently than Haynes, that a guilty plea encompasses all the factual and legal admissions necessary for the entry of conviction and the imposition of a sentence. Ginsburg. But that could just mean that the defendant admits all the elements of the crime are established, all the factual and legal elements of the crime, not that the crime then becomes insulated from constitutional challenge. We know it means more than that, because we know that from Tollett and we know that from Brady. But let me give a real concrete example of why I think their rule would be quite impractical. Consider a circumstance in which the government charges someone with, say, distribution of child pornography, and during the pendency of those proceedings, the defendant engages in witness tampering. And there's a plea agreement in which the government and the defendant agree that the defendant will plead guilty to the child pornography charges, and the government agrees not to bring the witness tampering charges. No mention is made of any effort on the part of the defendant that he wants to preserve some right to appeal. And then he turns right around after a sentence is imposed, and he challenges the constitutionality of the child pornography statute, say, on First Amendment grounds. At that point, unless this Court is going to make clear that appeal waivers would be enforceable in those circumstances, the government has already lost the benefit of its plea agreement. Depending on how the appellate proceedings go and what might happen if some of the government loses and some kind of remand is ordered, it's not entirely clear that the government could reinstate the witness tampering charges.  would be able to enforce it. Breyer. Well, that's a special – I mean, you've created a case where you have special circumstances where under those circumstances you want to argue that that might be the equivalent of your having written into the plea agreement, and I promise I will not bring a constitutional claim either. And you're saying the reason that you should read that in here is because otherwise we lose the benefit of our dropping the witness tampering charge. Okay. I can – I will leave that for a different time. But this is not some special circumstance. This is an ordinary case, and should we read that nonexistent and I promise not to bring constitutional claims into this opinion. And now we're back and I want to be sure I'll let you speak, I promise. I just want – because I want to hear, since Justice Gorsuch and I think probably Justice Kagan and I were all asking – putting the same kind of objection to you, I want to be sure I hear your answer to that whole range or whatever you want to set there. Just as a prefatory matter, Your Honor, I didn't invent that case. That's this case. We dropped a failure to appear charge in return for the plea agreement here. But let me just address the basic point of why this should be the default rule. And I think there are two basic reasons for that. Number one is there's a serious information imbalance here. Only the defendant knows what kinds of claims he might want to bring after a guilty plea and in what respects he doesn't intend his guilty plea to be final. The defendant here raised some 36 claims in the district court, as he had every right to do, but the government and the district court can't guess which claims those are going to be. We can't be sure that they've been properly litigated, even as to the other. Ginsburg. He didn't waive this one. I mean, I think he couldn't make this claim unless he had raised in the district court. In the district court, he did raise the unconstitutionality of the statute. The Second Amendment claim, he mentioned the Second Amendment in the district court, but that claim has gotten much more focused on appeal to the point where it might have been useful had the government been able to actually answer it in the district court. There's a second claim, a vagueness claim. Ginsburg. But there wasn't any evidence involved. He said, I admit all the facts that I was charged with, but you can't prosecute me for this because I have a Second Amendment right to bear arms. Yeah, Your Honor, he raised the Second Amendment, and he's now challenging whether the statute under which he was convicted is constitutional as applied. It wasn't even clear in district court it was an as-applied challenge, and some of the arguments he makes on appeal about the necessity of protecting the capital grounds are things we could have submitted evidence on. Mr. Feigin, is this informational asymmetry problem a suggestion that the government lacks sufficient bargaining power in the plea bargaining process? No, Your Honor, but it is an – this is a particular instance where the only person who knows the contours of this particular aspect of the plea agreement, or what the defendant even intends the plea to be, is going to be the defendant. That's not – that's not accurate. He may not know. I mean, he enters this plea agreement, and the next day this Court issues a decision saying that statute is unconstitutional. You would still hold him to the plea agreement, but he didn't necessarily know he was giving up that claim. Well, Your Honor, he'd be able to get relief very easily under that circumstance, at the very least under 28 U.S.C. 2255 in a post-conviction motion. But if I could get to the second one. In a bunch of different cases, Bailey being one of them, the government relied – in many where we found things retroactive, the government has relied on plea waivers, and most circuits have thrown out those cases by a defendant. Well, Your Honor, we would not seek to enforce, and I'm not aware of courts enforcing waivers, for example, collateral relief waivers in circumstances where this Court has held a statute to be unconstitutional. You have. I have examples of them. There are cases in which you've done that across – maybe not you personally, but I'm talking about U.S. attorneys across the country have, and courts have, on the basis of plea waivers, not applied retroactive law. Well, Your Honor, there are particular cases bear on particular facts. So, for example, there is currently litigation about the effect of this Court's decision in Johnson v. United States, and in some cases, we've resisted the application of particular defendants because we don't think they're really making Johnson claims, they're trying to use Johnson to make claims that are actually statutory and are barred. And in those circumstances, we seek to enforce the appeal – the collateral attack waivers, and we've been somewhat successful. But in the – just – I just want to get to the second reason. I think this is a good default rule, which is that it does what a default rule is supposed to do, in that it reflects the expected and efficient result that I think the parties would expect. Very few defendants have constitutional challenges to the statute under which they were convicted that have a reasonable prospect of succeeding on appeal. Therefore, it's not a right that's going to matter to most defendants, and it's – if the defendant believes he has the rare case in which that's the kind of thing he wants to preserve, he's the only person who could potentially know it, and it's incumbent on him to tell the courts. Kagan, how the rule that you're espousing fits with the language that we've used in Blackledge and Mena and Broche, because when I look at those cases, the language that we use seems totally consistent with the theory that Justice Gorsuch and Justice Breyer raised, and not consistent with yours. So when they were talking about what's not precluded by a guilty plea, they say, well, where you have a right not to be held into court at all. They say where the charge is one that the State cannot constitutionally prosecute. That last one is from Mena. And they say where the court had no power to enter the conviction. That last one is from Broche. So in all three of those cases, the language used is where, you know, in the end, you find that the – that you've – you've done the facts, you've satisfied the elements, but still the State can't prosecute you constitutionally or properly. And that's exactly what fits with Justice Gorsuch's and Justice Breyer's theory. Three times we've said it. Well, let me say a couple of things. First of all, I don't think – I think as the colloquy with opposing counsel demonstrates, that does not produce a clear rule, and a clear rule is important in these circumstances. Second, I don't even think the author of Blackledge, Justice Stewart, viewed his opinion that way. And I think that's clear if you look at the dissent he joined in Ellis v. Dyson. And third, I don't think anything that this Court said in Blackledge and Mena reflects that they're really the tip of the iceberg that would allow claims by all sorts of defendants. In those cases, you had the Court outside the context of any sort of conditional plea procedure, asking whether there's any recourse for a defendant who wanted, on the one hand, to plead guilty, and on the other hand, to preserve a claim that he was charged under – he was charged for primary conduct for which he'd already been charged and convicted. And the Court allowed a defendant to do that and preserve those claims, but as the Court did, it allowed the defendant to do legislative claims differently. There's one more important point I'd really like to make, which is that I believe I heard opposing counsel to say that under their rule, as they interpret Blackledge and Mena, which, again, I think the contours of which are not clear, and I would caution this Court, we really do need clear rules in this area, under their rule, the error has to be clear on the face of the indictment. I think if the Court looks at the face of the indictment in this case, the Court is not going to find anything that relates to the as-applied Second Amendment challenge. The claim simply says that Petitioner possessed weapons on Capitol grounds full stop, and the as-applied nature of the claim is that it relates to exactly where the defendant was and what he saw and that sort of thing, and I don't really understand how that claim could properly be preserved under their rule. So even under their rule, I think the government would win this case. The other one is that the statute says I can't bring guns on the Capitol grounds is unconstitutional, period. Why is it as-applied? He has framed his claim as an as-applied claim where he claims it infringes on the rights of a law-abiding citizen as applied to him because he was in a parking lot. If you look at his court of appeals brief, or the amicus brief in the court of appeals that he's adopted, he makes much out of exactly where he was and the fact that he possessed weapons only in his car. I want to make one more point about appeal waivers to get back to Justice Kagan's question earlier, which is I wouldn't want to sit down without informing the Court that there are 25 percent of the pleas in the Federal system don't even involve plea agreements. They're open pleas. And when a defendant enters a plea without an agreement and the district court and the government have every expectation that that ends the case, the defendant should not be able silently to reserve a challenge to the substance of the conviction that the defendant assented to the court entering. Now, if the court's saying, what do you mean, an open plea? We call them open pleas is just a term for a plea without a plea agreement. So the defendant simply decides to plead guilty himself so that without a plea agreement he gets acceptance of responsibility points for that. And in those circumstances, the government and the district court have every reason to believe that the case is over so long as the plea was knowing involuntary. Sotomayor, You haven't given him an excuse to answer the plea? Feigin, Because that's the nature of the plea. The efficient answer is no. Sotomayor, The nature of a plea shouldn't be to automatically say you've lost all rights because you pled guilty. That's basically what your position is today. Feigin, May I answer, Your Honor? Your Honor, you don't lose all rights. There is a procedure that was grabbed that was crafted for entering a conditional plea, and if a defendant does not believe that a case is ended by his plea, it's incumbent upon him to tell the district court and tell the government that that's what he means when he pleads. Thank you. Roberts Thank you, counsel. Ms. Amundson, four minutes. Amundson, Thank you, Your Honor. I'll begin with Mr. one of Mr. Feigin's last points, which was whether the error must be clear on the face of the indictment. And in fact, the claim must be clear on the face of the record at the time of pleading guilty, and that is clear from this Court's opinion in Brose. And then if I can just address quickly the Rule 11 claim that the government is making here about the drafters of Rule 11. As the Chief Justice pointed out, those drafters used the term doctrine, and the Court need look no further than Judge Friendly's opinion, which is essentially contemporaneous with the enactment of the 1983 amendments to Rule 11, establishing the conditional plea procedures, to look to the definition of that doctrine. That doctrine is also explained in the sources that are cited in the Rule 11 advisory notes, and that doctrine was understood at the time to include constitutional challenges to the statute of conviction as it was enacted against the background of Hanes, as Justice Gorsuch pointed out, where the Court considered it obvious, so obvious that it put it in a footnote that, of course, a defendant's guilty plea did not preclude his later constitutional challenge. Briefly, just to address the colloquy, I just want to point out that the colloquy cannot waive the defendant's rights because it is, first of all, a third party that the defendant would be effectively contracting with when there is no plea waiver or no appeal waiver in his plea agreement, and that the plea agreement itself has an integration clause which says that it comprises the totality of the agreement between the government and that anything further will be entered into in writing. Finally, as to Mr. Figgin's point about the potential information imbalance and the government not getting the information that it needs in pleading guilty, as this Court has recognized, it takes practicalities into account. And here, if there is any imbalance that is on the defendant, the defendant enters the plea bargaining process with certain rights. One of those is a statutory right to appeal, and if the government wants the defendant to waive that right, the government should ask for an explicit waiver of that right in its plea agreement. The government did not do so here, and we ask the Court to reverse the judgment below and allow Petitioner's claims to proceed on the merits in the court of appeals. Thank you, Your Honors. Roberts.